UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA DELORENZO,

    Plaintiff,

v.                                    CASE NO.: 8:14-cv-1070-T-23TBM

HP ENTERPRISE SERVICES, LLC,
et al.,

    Defendants.
_____/

**ORDER**

On September 16, 2013, Mary Frances Knight died in a mass shooting at the Washington Naval Yard. Patricia Delorenzo, as personal representative, alleges tort claims against two federal contractors (Counts I and II) and the United States (Count III) and a *Bivens* claim against unidentified federal employees (Count IV). The United States removed the action from state court under 28 U.S.C. § 1442, the federal-officer removal statute, and now moves to dismiss (Doc. 27) for lack of subject matter jurisdiction.

First, the United States argues that federal jurisdiction after removal derives from, and depends on, the jurisdiction of the state court. Thus, if the state court at the time of removal lacks jurisdiction over either the subject matter or the parties, the federal court acquires — or "derives" — no jurisdiction, even if the action otherwise

falls within the federal court's exclusive jurisdiction. *Palmer v. City Nat'l Bank, of W. Va.*, 498 F.3d 236, 244 (4th Cir. 2007). Although Congress abrogated this limitation — "the derivative-jurisdiction doctrine" — for a removal accomplished under the general removal statute, 28 U.S.C. § 1441, the limitation apparently (but unfortunately) survives to govern a removal under the federal-officer removal statute, 28 U.S.C. § 1442.[1]

In this action, the plaintiff asserts a tort claim against the United States under the Federal Tort Claims Act (FTCA). (Doc. 2 at ¶¶ 2, 298-315) Providing a limited waiver of sovereign immunity, the FTCA grants a federal district court exclusive jurisdiction over a claim against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *Millbrook v. United States*, 133 S. Ct. 1441, 1442 (2013). Because the plaintiff's FTCA claim is within exclusive federal jurisdiction, the state court lacked subject matter jurisdiction over the claim. Accordingly, by the removal the district

---

[1] In 1986, Congress amended Section 1441 to specify that a federal court to which a "civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014) (discussing the legislative history of Section 1441); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1298-99 (11th Cir. 2001) (holding that this amendment abrogated derivative jurisdiction). However, in 2002 Congress again amended Section 1441, confining the earlier amendment to an action removed "under this section." 28 U.S.C. § 1441(f); *Lopez*, 749 F.3d 347 at 350. As a result, although oddly contrary to sound and usually applicable principles, the derivative-jurisdiction doctrine persists for a removal under Section 1442. *Lopez*, 749 F.3d at 350-51; *Rodas v. Seidlin*, 656 F.3d 610, 618-19 (7th Cir. 2011); *Palmer,* 498 F.3d at 244-48.

court acquires — derives — no jurisdiction over the FTCA claim. *Lopez*, 749 F.3d at 351.

The state court's subject matter jurisdiction over the plaintiff's *Bivens* claim fails to remedy the lack of jurisdiction over the plaintiff's tort claim, which is subject to the derivative-jurisdiction doctrine. *See Bradshaw v. Gen. Motors Corp., Fisher Body Div.*, 805 F.2d 110, 112-13 (3d Cir. 1986) (holding that the district court had no jurisdiction over a claim subject to the derivative-jurisdiction doctrine, although federal-question and diversity jurisdiction existed as to the remaining claims), *abrogated on other grounds by Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566 (1990); *Spencer v. New Orleans Levee Bd.*, 737 F.2d 435, 437 (5th Cir. 1984) (affirming the district court's dismissal of an FTCA claim pursuant to the derivative-jurisdiction doctrine, notwithstanding the presence of other claims over which the state court and district court possessed jurisdiction).

Moreover, as the United States alternatively argues, the Federal Employees' Compensation Act (FECA) bars the plaintiff's FTCA claim. FECA provides benefits to a federal employee injured or killed "while in the performance of his duty." 5 U.S.C. § 8102(a). FECA also provides the exclusive remedy against the federal government for an on-the-job injury:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal

> representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c); *Noble v. United States*, 216 F.3d 1229, 1234 (11th Cir. 2000). Section 8116(c) was designed to shield the federal government from a suit under a statute, such as the Federal Tort Claims Act, that waives sovereign immunity. *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94, 103 S. Ct. 1033 (1983).

If the Office of Workers' Compensation Programs (OWCP) determines that an employee's injury or death occurred in the performance of duty, "the claimant is limited to the remedies authorized by FECA, even if a particular type of damage or consequence the claimant suffered is not compensable under FECA." *Noble*, 216 F.3d at 1234; *Gill v. United States*, 641 F.2d 195, 197 (5th Cir. Unit A 1981). Section 8116(c) likewise bars an FTCA claim by a dependent or other covered person if the claim arises from the injury or death of an employee. *Grijalva v. United States*, 781 F.2d 472, 474-75 (5th Cir. 1986).

In this case, OWCP determined that "Mary F. Knight's death occurred in performance of duty and is covered under the Federal Employee's Compensation Act." (Doc. 27-1 at p. 5)  The plaintiff and Ms. Knight's daughter submit

declarations suggesting that they filed no FECA application,[2] but FECA permits no election of remedies. *Avasthi v. United States*, 608 F.2d 1059, 1060-61 & n.1 (5th Cir. 1979) (noting that the employee had not applied for benefits).

Because OWCP determined that Ms. Knight's death occurred in the performance of her duty, the plaintiff's FTCA claim is barred by FECA. *Sw. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90, 112 S. Ct. 486, 493 (1991); *Gill*, 641 F.2d at 197; *Mathirampuzha v. Potter*, 548 F.3d 70, 81-84 (2d Cir. 2008).

The United States' motion (Doc. 27) is **GRANTED**. Count III of the complaint (Doc. 2) is **DISMISSED** for lack of jurisdiction.

ORDERED in Tampa, Florida, on November 3, 2014.

> *[signature]*
> STEVEN D. MERRYDAY
> UNITED STATES DISTRICT JUDGE

---

[2] Specifically, Ms. Knight's daughter, Danielle Knight, declares: "Navy Capt. Karen Vemazza (NAVSEA Command) was informed on December 6, 2013 that I did not wish to ask for any FECA benefits." (Doc. 67 at ¶ 8) The plaintiff declares that she had no knowledge of the FECA compensation decision and had never seen an application filed by Danielle Knight requesting FECA benefits. (Doc. 68 at ¶¶ 5-7)